### WILLIAM ROCKWOOD *vs.* DAVID WHITING.

Middlesex. Jan. 18. — Sept. 3, 1875. AMES & ENDICOTT, JJ., absent.

A person who has a domicil and actual residence in another state, and only comes into this state occasionally, or even for a few hours daily, is "absent from and resides out of the state " within the Gen. Sts. c. 155, § 9, and the statute of limita tions does not run in his favor.

CONTRACT upon the following promissory note signed by the defendant: "Wilton, December 15, 1851. For value received I promise to pay William Rockwood or order two hundred dollars on demand after the first day of May, 1853, with interest from May first, 1852." Writ dated April 1, 1873. The answer set up the statute of limitations.

The case was submitted to the Superior Court, and to this court on appeal, upon an agreed statement of facts in substance as follows:

The plaintiff lived in Temple from the giving of the note until 1852; in Amherst from 1852 until 1856, and in Merrimack from 1856 until this action was begun, all of these towns being in Hillsborough County, New Hampshire.

The defendant lived in Wilton, New Hampshire, from the time of giving the note until the fall of 1856, when he commenced business as a milk contractor, and sold out his farm and all his property in Wilton and moved with his family to Boston, where he lived until the summer of 1858, when he moved back to Wilton, where he resided until June 1872, when he moved to Lexington, in this Commonwealth, and has lived there ever since. While the defendant lived in Boston he did not vote or pay taxes anywhere, and went to Wilton every day. From 1856 until the suit was brought, the defendant was engaged in business as a milk contractor, his car running from Wilton to Boston daily over the Boston & Lowell and the Wilton Railroad, arriving at Cambridge or Boston at 8.30 A. M. and returning at about noon each day. With the exception of two years when the defendant's car came into Boston, it has always been switched off on a side track at Cambridge, where he sold and delivered the milk to his customers from the car. A part of the car was fitted up as an office where he kept the accounts of his business, and this was his only business in Massachusetts, and he had no other place of business in Massachusetts.

From 1856 to the bringing of the writ he had personally come to Boston or Cambridge with the car nearly every day, usually returning in the car at noon, but sometimes taking a later train; and during this period the defendant had bought up milk in nearly all parts of Amherst and Merrimack aforesaid, through which towns the Wilton Railroad runs, and had property in this state; most of the time he had real estate, and from 1860 kept his bank account here. The defendant did not know whether his name was ever in the directory of Cambridge or Boston. There was no evidence that the plaintiff ever knew of the defendant coming to Massachusetts except what is stated above. The defendant never saw the plaintiff but once from the time of giving

the note while the plaintiff lived in Amherst to the present time.

Payment of the note was first demanded in 1868 by a son of the plaintiff on his behalf.

If the court decides that the action can be maintained judgment is to be entered for the plaintiff for the amount of the note and interest; otherwise judgment for the defendant, or such other order as the court may deem necessary.

The Superior Court ordered judgment for the plaintiff, and the defendant appealed.

*T. L. Livermore,* for the plaintiff.

*G. A. Bruce,* for the defendant. 1. The statute of limitations of this Commonwealth began to run in favor of the defendant on his coming into the state to live in the fall of 1856. Gen. Sts. *c.* 155, § 9. *White* v. *Bailey,* 3 Mass. 271. *Byrne* v. *Crowninshield,* 1 Pick. 263.

2. The facts in this case do not bring it within the exception to the statute, because they do not show that the defendant was absent from and resided out of the state. The language of the statute implies that a person may have a residence out of the state and yet be·present here in such a way as to avail himself of the benefits of the same. The intention of the statute is to give to every person a right during the full period of the limitation, to commence a suit, and this right is fully secured to him in either case, when the party, against whom the cause of action is held, is personally present in the state and has a residence elsewhere, or when he is personally absent and leaves here his residence. Personal presence in the state was held sufficient to allow a party to avail himself of the statute in *Turner* v. *Shearer,* 6 Gray, 427. Absence from the state must be held to mean such an absence as to deprive a person of the ability to commence suit and make a valid service. The case shows that for a period of over twenty years the defendant was personally present in this state at a certain and fixed place where he transacted business to a large amount, daily, and during this whole time was subject to the jurisdiction of our courts. Any day during this period, valid service could have been made on him. *Barrell* v. *Benjamin,* 15 Mass. 354. *Roberts* v. *Knights,* 7 Allen, 449. He had a usual place of business during this time in Boston or Cambridge, within

the meaning of the Gen. Sts. *c.* 123, § 1, fixing the venue of actions.

GRAY, C. J.   By the well settled construction of the Gen. Sts. *c.* 155, § 9, and of the statute of New York from which it was taken, a person who has a domicil and actual residence in another state, and only comes into this state occasionally, or even for a few hours daily, is " absent from and resides out of the state," and the statute of limitations does not run in his favor. *Milton* v. *Babson,* 6 Allen, 322. *Burroughs* v. *Bloomer,* 5 Denio, 532.

In *Turner* v. *Shearer,* 6 Gray, 427, the defendant was in this state, though in · prison during the whole time in question, and there was no evidence that he had ever acquired a domicil elsewhere.                          *Judgment for the plaintiff.*