TOWN OF WESTON *vs.* DANIEL C. MAGUIRE
& another.[1]

Middlesex.    May 12, 1980. — September 23, 1980.

Present: HALE, C.J., KASS, & NOLAN, JJ.

*Police,* Termination, Probationary period.  *Civil Service,* Probationary
    period, Termination.

General Laws c. 31, § 20D, as in effect prior to St. 1978, c. 393, § 11,
    established a maximum probationary period of nine months for a part-
    time police officer, provided the officer had served at least thirty days
    or the equivalent thereof during that period; if the part-time officer
    had not worked at least thirty days during the nine months following
    his appointment, the probationary period was eighteen months.
    [541-543]

CIVIL ACTION commenced in the Superior Court on Oc-
tober 26, 1976.

The case was reported by *Ronan, J.*

*Florence E. Freeman,* Town Counsel, for the plaintiff.

*Robert J. Canavan* for Daniel C. Maguire.

KASS, J.   Upon request of the parties, a judge of the
Superior Court has reported to us for determination, pur-
suant to Mass.R.Civ.P. 64, 365 Mass. 831 (1974), the fol-
lowing question: Did G. L. c. 31, § 20D, as it had been
amended through St. 1971, c. 182, §§ 1 & 2, establish a
maximum probationary period for part-time governmental
employees, after which they achieved civil service tenure,
and, if so, what was that maximum probationary period?[2]

[1] Civil Service Commission.

[2] A recodification of the civil service laws enacted in 1978 (St. 1978,
c. 393, § 11) deleted § 20D; the provisions relating to probationary em-
ployment now appear in G. L. c. 31, § 34.

The case came to the Superior Court on a complaint in the nature of certiorari from a decision of the Civil Service Commission (commission) that David Maguire, a part-time police officer, had completed his probationary period, thus was tenured and could not be discharged without just cause established after a hearing, as required during the years in question by G. L. c. 31, § 43. The years in question, i.e., the years during which Maguire was on probation, were portions of 1974 and 1975.[3] He had been appointed a reserve officer April 22, 1974, and received his notice of discharge on August 12, 1975. Between those dates, the commission's hearing officer found,[4] Maguire worked the equivalent of 107 days.

From an employment log attached to the town's complaint we are able to determine that Maguire worked more than thirty days during the nine months following his employment. It is the town's position that the probationary period for a part-time employee was eighteen months; Maguire's position is that the probationary period was nine months, provided the employee had put in thirty full days during that time. Each side has also ventured a more extreme interpretation of § 20D, neither of which merits serious consideration.

We resist the impulse to set out the text of § 20D (it is a long statute) and to parse it because our work has been vastly simplified by the decision of the Supreme Judicial Court in *Costa* v. *Selectmen of Billerica*, 377 Mass. 853 (1979), and the recodification enacted in 1978 of the civil service laws contained in G. L. c. 31. In the *Costa* opinion, the court read § 20D to mean that if, at the close of the nine-month probationary period established for regular police officers, a part-time officer (sometimes called a reserve officer) had not been employed for thirty days, the probationary time would be extended to eighteen months. If at

---

[3] The provisions governing discharge after tenure now appear in G. L. c. 31, § 41.

[4] Those findings were adopted by the commission.

the end of the eighteen months the probationer had still not served for thirty days (or, as the statute said, the "equivalent thereof"), the appointment would become permanent. *Id.* at 854 n.2.

This pattern was carried forward by the 1978 recodification with the ambiguities of former § 20D scrubbed out. As now appearing, G. L. c. 31, § 34, inserted by St. 1978, c. 393, § 11, provides in pertinent part that a part-time employee "shall serve a probationary period of six months . . . which shall include the actual performance of the duties of such position for not less than thirty working days or the equivalent thereof during such period, before he shall be considered a . . . tenured employee, provided that if such person has not performed such duties for thirty working days . . . his probationary period shall be extended for an additional twelve months . . . ." At the end of the aggregate eighteen months, the employee shall be considered a tenured part-time employee, unless, of course, the employee has been previously discharged.[5]

In appropriate circumstances a court may resort to the subsequent act of a Legislature for discovery of the legislative intent in a preexisting statute. *Hurle's Case,* 217 Mass. 223, 226 (1914). *Graci* v. *Damon,* 6 Mass. App. Ct. 160, 170 (1978). 2A Sands, Sutherland Statutory Construction § 41.11 (4th ed. 1973). Compare *Massachusetts Commn. Against Discrimination* v. *Liberty Mut. Ins. Co.,* 371 Mass. 186, 194 (1976). A recodification, as it is a rearrangement and restatement of existing statutory material, is a particularly suitable guide to the meaning of an earlier statutory provision.

On the question reported, therefore, we answer that G. L. c. 31, § 20D, as in effect in the years 1974-1975, established a maximum probationary period of nine months for a newly appointed part-time police officer, provided the

---

[5] There is a special probationary period of twelve months for full-time police officers and firefighters. G. L. c. 31, § 61, inserted by St. 1978, c. 393, § 11.

employee had served at least thirty days or the equivalent thereof during that nine months' period.  If the part-time employee had not worked at least thirty days, or the equivalent thereof, the probationary period was eighteen months. Since Maguire had worked more than thirty days during the nine months following his appointment, a judgment is to enter affirming the decision of the commission.

*So ordered.*