STEVEN WILCOX & others[1] vs. RIVERSIDE PARK
ENTERPRISES, INC.

Hampden.   December 4, 1986. — April 1, 1987.

Present: HENNESSEY, C.J., WILKINS, ABRAMS, LYNCH, & O'CONNOR, JJ.

*Limitations, Statute of. Conflict of Laws. Statute,* Construction, Recodification.

The "borrowing clause" appearing in G. L. c. 260, § 9, which, in some
circumstances, requires application of the statute of limitations of another
jurisdiction, does not apply to an action brought in Massachusetts against
a defendant who has been subject at all relevant times to service of
process in Massachusetts. [535-540]

CIVIL ACTION commenced in the Superior Court Department
on November 21, 1984.

The case was heard by *George C. Keady,* J., on a motion
for summary judgment.

After review by the Appeals Court, the Supreme Judicial
Court granted leave to obtain further appellate review.

*Edward V. Leja* for the plaintiffs.

*Jeffrey L. McCormick* for the defendant.

ABRAMS, J. We granted further appellate review to consider
the interpretation to be given to G. L. c. 260, § 9,[2] including
its last clause, the so-called "borrowing clause." See *Wilcox* v.

---

[1] Donald Wilcox and Gayle Wilcox.

[2] General Laws c. 260, § 9 (1984 ed.), provides: "If when a cause of
action hereinbefore mentioned accrues against a person, he resides out of
the commonwealth, the action may be commenced within the time herein
limited after he comes into the commonwealth; and if, after a cause of
action has accrued, the person against whom it has accrued resides out of
the commonwealth, the time of such residence shall be excluded in deter-
mining the time limited for the commencement of the action; but no action
shall be brought by any person upon a cause of action which was barred
by the laws of any state or country while he resided therein."

*Riverside Park Enters., Inc.,* 21 Mass. App. Ct. 419 (1986). This provision is so named because, in some circumstances, the clause requires application of the statute of limitations of another jurisdiction.

The plaintiffs, Connecticut residents, brought an action in Massachusetts, arising out of an accident which occurred in Massachusetts, against a Massachusetts defendant which at all relevant times has been subject to service of process in the Commonwealth.[3] The issue before us is whether the borrowing clause applies in these circumstances. We conclude that the clause does not apply to an action against a defendant who at all times has been subject to service of process in the Commonwealth.

We briefly summarize the allegations of the complaint. The plaintiffs, a minor and his parents, reside in Connecticut and have resided there at all times relevant to the lawsuit. The defendant, a Massachusetts corporation, operates an amusement park in Agawam, known as Riverside Park. On or about July 22, 1982, the minor plaintiff was a passenger on an amusement ride at Riverside Park. He was thrown from the passenger compartment of the ride, and he suffered serious injury.

On November 21, 1984, the plaintiffs filed a complaint against the defendant, alleging that its negligence caused the minor plaintiff's injuries. The defendant moved to dismiss the complaint as barred by Connecticut's two-year statute of limitations for personal injury actions sounding in tort, asserting that the Massachusetts borrowing clause requires that the Connecticut statute of limitations be applied. A hearing was held on the matter. Because the defendant submitted an affidavit[4] with its answer, the judge treated the motion as one for summary

---

[3] For purposes of § 9, a defendant is considered a resident of Massachusetts if he is subject to service of process in the Commonwealth. See *Walsh* v. *Ogorzalek,* 372 Mass. 271, 274 (1977). The defendant in this case clearly was subject to service of process in Massachusetts.

[4] In the affidavit, the defendant admitted that it advertised in Connecticut and that an estimated 500,000 residents of that State visit the defendant's amusement park each year.

judgment. The judge granted the motion and ordered dismissal of the case, concluding that the borrowing clause in G. L. c. 260, § 9, requires that the Connecticut statute apply and that, therefore, the action was time-barred. The Appeals Court affirmed. *Wilcox* v. *Riverside Park Enters., Inc.,* 21 Mass. App. Ct. 419 (1986). We reverse the judgment of the Superior Court allowing the defendant's motion for summary judgment.

General Laws c. 260, § 9, contains two clauses relating to tolling of the statute of limitations in situations in which a defendant has resided out of the Commonwealth. These clauses are followed by the borrowing clause: "but no action shall be brought by any person upon a cause of action which was barred by the laws of any state or country while he resided therein." In context, the borrowing clause can be read either as modifying only the two preceding clauses — and hence applicable only when a defendant has resided out of State — or as having independent effect.[5] Because the clause is ambiguous, we may look to extrinsic factors to determine its appropriate scope. "Statutes are to be interpreted, not alone according to their simple, literal or strict verbal meaning, but in connection with their development, their progression through the legislative body, the history of the times, [and] prior legislation . . . ." *Commissioners of Pub. Works* v. *Cities Serv. Oil Co.,* 308 Mass. 349, 360 (1941), quoting *Commonwealth* v. *Welosky,* 276 Mass. 398, 401 (1931). "A rule of construction, peculiarly applicable here [i.e., to tolling provisions] is that the purpose and not the letter of a statute controls." *Walsh* v. *Ogorzalek,* 372 Mass. 271, 274 (1977).

With these principles in mind, we turn to the history of the statute to determine if the Legislature intended the borrowing clause to apply to all defendants or solely where a defendant has resided out of State. Prior to 1880, the relevant section dealt only with the tolling of the applicable limitations period

---

[5] The plaintiffs did not specifically argue below or on appeal that the borrowing clause should be construed only as modifying the preceding tolling provisions. See 21 Mass. App. Ct. at 420 n.2. The plaintiffs, however, fairly raised the issue of the correct construction of G. L. c. 260, § 9. Thus, that issue is squarely before us.

during the time when a defendant was out of State.[6] In 1880, the Legislature enacted the borrowing clause as an amendment to this section with the following language: "Section nine of chapter one hundred and fifty-five of the General Statutes relating to the limitation of actions when defendants are out of the state is hereby amended by adding thereto the following words, viz.: *provided,* that no action shall be brought by any person whose cause of action has been barred by the laws of any state, territory, or country while he resided in such state, territory, or country." St. 1880, c. 98.

In 1882, and again in 1902, the Legislature recodified the General Laws after establishing commissions for that purpose. See Res. 1880, c. 46; Res. 1896, c. 87. Although the words of the section were changed in each of the 1882[7] and 1902[8] recodifications, the changes were minor and formal in

---

[6] Prior to 1880, the statute read as follows: "If, at the time when any cause of action mentioned in this chapter accrues against a person, he is out of the state, the action may be commenced within the time herein limited therefor, after he comes into the state; and if, after a cause of action has accrued, the person against whom it has accrued is absent from and resides out of the state, the time of his absence shall not be taken as part of the time limited for the commencement of the action." See Gen. Sts. c. 155, § 9 (1860).

[7] In 1882, the statute was recodified and read: "If, at the time when a cause of action mentioned in this chapter accrues against a person, he is out of the commonwealth, the action may be commenced within the time herein limited therefor, after he comes into the commonwealth; and if, after a cause of action has accrued, the person against whom it has accrued is absent from and resides out of the commonwealth, the time of his absence shall not be taken as part of the time limited for the commencement of the action, provided that no action shall be brought by any person whose cause of action has been barred by the laws of any state, territory, or country, while he has resided therein." Pub. Sts. c. 197, § 11 (1882).

In 1882, the Legislature failed to enact a proposed bill redrafting § 9 which would have made clear its meaning. 4 Report of the Commissioners of the Revision of the Statutes 384 (1881). That proposal was consistent with the result we reach. Nevertheless we do not consider that proposal. See *Irwin* v. *Ware,* 392 Mass. 745, 773 (1984); *Franklin* v. *Albert,* 381 Mass. 611, 615-616 (1980).

[8] The section was rewritten as follows in 1902: "If, when a cause of action hereinbefore mentioned accrues against a person, he resides out of the commonwealth, the action may be commenced within the time herein limited after he comes into the commonwealth; and if, after a cause of

nature and do not appear to reflect any intent to change the meaning. "The general rule is that 'verbal changes in the revision of a statute do not alter its meaning and are construed as a continuation of pre-existing law in the absence of some accompanying report of revisers or other indication showing an express purpose to change the substance of the law.'" *Town Crier, Inc.* v. *Chief of Police of Weston,* 361 Mass. 682, 686 (1972), quoting *Derinza's Case,* 229 Mass. 435, 442 (1918). See *Scaccia* v. *Boston Elevated Ry.,* 317 Mass. 245, 251 (1944). Here, the commissioners' reports and other legislative documents indicate that neither the commissioners nor the Legislature intended to change the meaning of the statute. See Res. 1880, c. 46; Report of the Commissioners on the Revision of the Statutes 3 (March 10, 1881); 1881 House Journal 398-399, 407-408; 1881 Senate Journal 294, 306-307; Res. 1896, c. 87; 3 Report of the Commissioners on the Consolidating and Arranging the Public Statutes iii, 1704 (1901). See generally *Town Crier, Inc.* v. *Chief of Police of Weston, supra* at 686; *Scaccia* v. *Boston Elevated Ry., supra* at 250. The section has undergone virtually no change since 1902.[9]

As to the intended scope of the section, including the borrowing clause, we find instructive the marginal notes to the section, which were part of the recodifications enacted by the Legislature and which the Legislature had instructed the commissioners to prepare in order to "indicate . . . the substance of the contents of each section." Resolves 1880, c. 46. Resolves 1896, c. 87. With respect to the 1882 recodification, the commissioners' marginal note to the section at issue read as follows: "[Time] during which defendant is out of the state not to be included."

---

action has accrued, the person against whom it has accrued resides out of the commonwealth, the time of such residence shall be excluded in determining the time limited for the commencement of the action; but no action shall be brought by any person upon a cause of action which was barred by the laws of any state, territory or country while he resided therein." R. L. c. 202, § 9 (1902).

[9] The difference between the 1902 statute and the present G. L. c. 260, § 9 (1984 ed.), is that the word "territory" has been deleted. See G. L. c. 260, § 9 (1921).

Pub. Sts. c. 197, § 11 (1882).[10] In 1902, the marginal note was changed to read: "Suspension in case of non-resident defendant." R. L. c. 202, § 9 (1902). These marginal notations reflect an understanding that the section, including the borrowing clause, was applicable only to defendants who had resided out of State. The first of these marginal notes was written shortly after the borrowing clause was originally inserted. Such clarifications resulting from the process of recodification of existing laws may provide a "particularly suitable guide to the meaning of an earlier statutory provision." *Weston* v. *Maguire,* 10 Mass. App. Ct. 540, 542 (1980). We think that these marginal notations do indeed shed light on the legislative intent and indicate that, from their initial passage, these clauses, including the borrowing clause, were intended to apply only in cases in which the defendant resided out of State.

That the borrowing clause was enacted to address situations in which the limitation period had been tolled because of the defendant's residence out of State is further suggested by opinions of this court in cases decided prior to the enactment of the clause. Prior to the enactment of the borrowing clause, a nonresident plaintiff with a claim against a nonresident defendant which had been barred by the statute of limitations of their mutual State of residence nevertheless could bring the action on the claim in this Commonwealth. In *Rockwood* v. *Whiting,* 118 Mass. 337 (1875), a New Hampshire resident's action on a promissory note, which had acrued more than twenty years earlier, was held timely because the defendant's nineteen-year residence in New Hampshire tolled the Massachusetts limitations period[11] even though the action apparently would have

---

[10] This language replaced a different marginal note to the section prior to the insertion of the borrowing clause ("Defendants out of state"), indicating that the language was not merely an accidental carryover from an earlier codification. See Gen. Sts. c. 155, § 9 (1860).

[11] The defendant engaged in business in Massachusetts in the intervening years, but the court held that "a person who has a domicil and actual residence in another state, and only comes into this state occasionally, or even for a few hours daily, is 'absent from and resides out of the state,' and the statute of limitations does not run in his favor." *Rockwood, supra* at 340, quoting *Milton* v. *Babson,* 6 Allen 322 (1863). See note 3, *supra.*

been barred under the New Hampshire statute of limitations.[12] After enactment of the borrowing clause, such plaintiffs would not have been able to bring suit against such defendants after the claims had become time-barred in the plaintiff's jurisdiction.[13]

We conclude that the Legislature intended the borrowing clause of c. 260, § 9, to apply only as a qualification to the tolling provisions of § 9.[14] Thus, the borrowing clause does not apply in an action brought in Massachusetts against a defendant who at all relevant times has resided in Massachusetts. See note 3, *supra*. Because G. L. c. 260, § 9, does not require application of Connecticut's two-year statute of limitations in this case, we reverse the order allowing the defendant's motion

---

[12] See N.H. Rev. Stat. c. 181, § 4 (1842) (six-year statute of limitations) (N.H. Rev. Stat. Ann. § 508:4 [1983 & 1986 Supp.]); *Alexander* v. *Whipple,* 45 N.H. 502 (1864). The New Hampshire statute of limitations for contracts under seal was twenty years, see N.H. Rev. Stat. c. 181, § 5 (1842) (N.H. Rev. Stat. Ann. § 508:5 [1983]), but there is no indication in *Rockwood* that the note was one under seal.

For other cases, see *Putnam* v. *Dike,* 13 Gray 535 (1859) (Vermont resident's action on a debt, which accrued forty years earlier, against another Vermont resident, not barred because Massachusetts statute of limitations was tolled the entire time as a result of defendant's never having resided in Massachusetts); *Bulger* v. *Roche,* 11 Pick. 36 (1831) (fact that both plaintiff and defendant resided in Nova Scotia for six years after the cause of action arose, thereby extinguishing right of action under Nova Scotia's statute of limitations, held no bar to suit on claim in Massachusetts commenced within six years after defendant moved into Commonwealth).

[13] The marginal notes to both the 1882 and 1902 recodifications of the statutes included a citation to *Rockwood,* indicating the Legislature's awareness of that case. See Pub. Sts. c. 197, § 11 (1882); R. L. c. 202, § 9 (1902). These notations suggest that the Legislature was addressing the problem presented by *Rockwood* when it enacted the borrowing clause.

[14] We note that early commentators appear to have reached the same result as to the meaning of the borrowing clause. See U.H. Crocker & G.G. Crocker, Notes on the Public Statutes of Massachusetts 620 (1882); 1 M.H. Throop, Massachusetts Digest 960 (1887). These interpretations, while not controlling, are useful in discerning the intent of the Legislature in enacting the borrowing clause and the understanding of the public regarding the enactment. See 2A C. Sands, Sutherland Statutory Construction § 49.08 (4th ed. 1984).

for summary judgment and remand to the Superior Court for further proceedings.[15]

*So ordered.*

.

---

[15] Nothing we said in *Woodcock* v. *American Inv. Co.,* 376 Mass. 169 (1978), is inconsistent with this reading of the statute. In *Woodcock,* we specifically said that the plaintiffs' tolling argument under § 9 as to the only Massachusetts defendant failed because of his residency in the Commonwealth. *Id.* at 176 n.7. Thus, we applied § 9 as a whole and only to out of State defendants.