McGuane, J.
This is an action of tort for personal injuries brought by the plaintiff, Sharon Paneccasio, versus Alexander V. Karr. The action arose ás result ofa motor vehicle accident which'occurred in Agawam, Mass. at Riverside Park, an amusement park located in that town. The accident occurred on August 10,1986. Both parties, the plaintiff Sharon Paneccasio and defendant Alexander V. Karr, were residents of the State of Connecticut at the time of the accident and from that time to the'date of trial. The plaintiff contends that while leaving the parking lot at Riverside Park she was struck by a motor vehicle belonging to and being operated by the defendant, and that she sustained personal injuries as a result.
The plaintiff contends that Mass. Gen. Laws Chap. 260, Sec. 9 does not apply in an action for personal injuries resulting from a motor vehicle accident occurring in the Commonwealth because the defendant was at all times subject to service of process in the Commonwealth.
After hearing, the Court allowed the defendant’s motion for summary judgment Did the Trial Court commit error in allowing defendant’s motion for summary judgment?
The issue presented in this action arises as a result of an interpretation of General Laws Chap. 260, Sec. 9.
The plaintiff and defendant are both residents of Connecticut and have been before and after the motor vehicle accident. The Connecticut statute of limitation for tort actions is two (2) years. The Massachusetts statute of limitation is three (3) years.
The plaintiff brought her action in Massachusetts within the three (3) year statute of limitations. The defendant claimed that Mass. G.L Chap. 260, sec. 9, bars the plaintiff from bringing such action and the Trial Judge agreed by allowing his motion for summary judgment.
The appropriate language in Sec. 9 is:
If, when a cause of action hereinbefore mentioned accrues against a person, he resides out of the Commonwealth, the action may be commenced within the time herein limited after he comes into the Commonwealth and if, after a cause of action has accrued, the person against whom it has accrued resides outside the Commonwealth, the time of such residence shall be excluded in determining the time limited for the commencement of the action; but no action shall be brought by any person upon a cause of action which was barred by the laws of any state or country while he resided therein.
It is apparent from the reasoning in Wilcox v. Riverside Park Enterprises, Inc., 399 Mass. 533 (1987) that the Massachusetts Supreme Court in reversing the allowance of a motion for summary judgment stated that the borrowing clause, so-called, only *186 modified the prior sentence and that in any case, since the defendant was a Massachusetts resident the provisions of Chapter 260, sec. 9 did not apply. By implication since the plaintiff in Wilcox was a resident of Connecticut and the suit was allowed, the borrowing clause did not bar the plaintiff’s action.
In Wilcox, the Court stated “We concluded that the Legislature intended the borrowing clause of Chap. 260, Sec. 9 to apply only as a qualification to the tolling provisionsofSec.9.”Thismeansthatthe borrowing clause does not have independent effect. Since the plaintiff in our case is not seeking to invoke the tolling provisions, he is not bound by the borrowing clause.
The plaintiff makes an even stronger case by claiming that the defendant was subject to the service of process by service on the Registrar of Motor Vehicles under Mass. G.L Chap. 90, sec. 3A, as well as service under the Massachusetts long arm statute, Mass. G.L Chap. 223A
The position of the Supreme Judicial Court in the Wilcox case and its footnote on page 533 to the effect “for purposes of Sec. 9, a defendant is considered a resident of Massachusetts if he is subject to service of process in the Commonwealth,” makes the allowance of the motion for summary judgment error.
Based on the above, we find that there was prejudicial error and that the decision of the Trial Judge allowing the defendant’s motion for summary judgment is reversed and the case is remanded to the Springfield Division of the District Court Department for further trial in this matter.