McEvoy, J.
This is a deficiency action brought by plaintiff, Rhode Island Depositors’ Economic Protection Corporation (“DEPCO”) to recover amounts due and owing from defendant, George Katsarakes, individually and as Trustee of GK Realty Trust (“Katsarakes”). Plaintiff filed its action in two counts for breach of promissory note, Count I against Katsarakes individually and Count II against Katsarakes, as trustee of GK Realty Trust. Plaintiff filed a motion for summary judgment claiming there were no issues of material fact with respect to whether defendant owed the money. Defendant opposed plaintiffs motion claiming issues of material fact based on various affirmative defenses raised in his answer and filed a cross motion for summary judgment based on the statute of limitations. After hearing counsel for the parties and based on the parties written submissions, defendant’s motion for summary judgment is ALLOWED and plaintiffs motion for summaryjudgmentis DENIED.
BACKGROUND
DEPCO is the successor in interest to the Rhode Island Central Credit Union (“RICCU”). Defendant is the trustee of the GK Really Trust.
On December 22, 1988, defendant, individually and as trustee of the GK Realty Trust, executed a note in the original principal amount of $1,300,000. As security for the note, defendant, again individually and as trustee, executed a mortgage and security agreement in favor of RICCU, on condominium units located at 20-30 Power Road, Pawtucket, Rhode Island. RICCU recorded the mortgage. In addition, a loan agreement was signed by defendant, individually and as trustee, outlining the terms of the loan transaction. Section 6.03 of the Loan Agreement stated that “this Agreement and all related documents shall be construed in accordance with and governed by the laws of the State of Rhode Island.” Section 20(g) of the mortgage stated that:
this mortgage shall be deemed to be made and entered into pursuant to the laws of the State of Rhode Island and shall in all respects be governed, construed, applied, and enforced in accordance with the laws of said state without reference to conflict of laws principles.
Defendant defaulted on the note. Plaintiff held a foreclosure sale on April 14, 1992. After that sale, there was a deficiency owed on the note. Plaintiff made demand upon defendant for payment of the deficiency, but was unsuccessful in its efforts. Finally, plaintiff filed this action on May 16, 1994.
DISCUSSION
A. Summary Judgment Standard
Summary judgment shall be granted where there are no genuine issues as to any material fact and where the moving party is entitled to judgment as a matter of law. Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991); Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue “and [further,] that the moving party is entitled to judgment as matter of law.” Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). Where both parties have moved for summary judgment and “in essence there is no real dispute as to the salient facts or if only a question of law is involved,” summary judgment shall be granted to the party entitled to judgment as a matter of law. Cassesso, supra.
B. Statute of Limitations
Plaintiff asserts that Rhode Island law, including Rhode Island’s ten-year statute of limitations for this type of action, governs all aspects of this suit. Defendant argues that this action is governed by M.G.L. c. 244, §17, which creates a two-year statute of limitations in which to bring actions for deficiencies. This Court agrees with defendant.
It is a long-settled proposition in Massachusetts that Massachusetts will apply its own law on procedural issues. Statutes of limitations have been held to be procedural. Clark v. Pierce, 215 Mass. 552, 553 (1913); Wilcox v. Riverside Park Enterprises Inc., 21 Mass.App.Ct. 419,421 (1986), rerid on other grounds, 399 Mass. 533 (1987). Thus, even if the substantive law of the suit is governed by another jurisdiction, the *342 law of Massachusetts, the forum state, will govern procedural issues like statutes of limitation.
The Restatement (Second) Conflict of Laws (“Restatement”) also supports this position. The 1988 amendment to §142 of the Restatement, the section applicable to statutes of limitations, supports the application of the forum’s statute of limitations if that statute would bar the claim. Restatement (Second) Conflict of Laws, §142(1).
It is accepted in Massachusetts that “where parties have expressed a specific intent as to the governing law, Massachusetts courts will uphold the parties choice as long as the result is not contrary to public policy.” Steranko v. Inforex, Inc., 5 Mass.App.Ct. 253, 260 (1977). See also, W.R Grace & Co. v. Hartford Accident and Indemnity Co., 407 Mass. 572, 582, n.13 (1990); Morris v. Watsco Inc., 385 Mass. 672, 674-75 (1982). However, it is not clear from these cases, that “governing law” includes both procedural and substantive issues. Moreover, a footnote in W.R Grace, supra, indicates that the court recognizes choice of law clauses in contracts directing what substantive law should govern disputes concerning a contract. The specific use of “substantive law” seems to indicate that the SJC continues to adhere to the rule that procedural issues are governed by the law of the forum even when a choice of law clause exists.
This Court recognizes the recent trend away from the automatic application of the forum’s statute of limitations in choice of law cases. However, the criticisms of that rule are not applicable here, as there is continued support for the proposition that a claim should be barred if the forum’s statute of limitations bars the claim. The more common situation is where the action is brought in a state with a longer statute of limitations than the state with the most significant contacts to the cause of action. In that instance, courts have been more willing to apply the statute of limitations of the state with the most significant contacts thus barring the claim even though the forum’s statute would not. This is not the situation in the case at bar. Thus, this Court adheres to the long standing tradition of barring a claim where the forum state’s statute of limitations has run.
The Court also recognizes the federal case cited by plaintiff in support of its position. That case seems to indicate that deficiency actions should be governed by the state where the mortgage was executed. This Court does not doubt that Rhode Island law governs all substantive aspects of this suit. However, the federal case cited by plaintiff does not discuss the “procedural/substantive” distinction essential to the determination of this motion and thus it is not particularly persuasive.
Therefore, based on (1) the long standing principle that procedural issues will be governed by the forum state, (2) the court’s specific use of “substantive law” in discussing the issue, and (3) the recent statement in the Restatement supporting the barring of claims where the forum’s statute has run, this Court holds that plaintiffs claims are barred by the statute of limitations contained in c. 244, §17, which states in relevant part that “[ajctions ... to recover judgments for deficiencies after foreclosure by sale under a power contained in the mortgage . .. shall... be commenced within two years after the date of the foreclosure sale.” In this case, the foreclosure sale occurred on April 14, 1992. This action was filed on May 16, 1994, approximately one month too late.
C. Defendant’s Affirmative Defenses
Since this case is to be dismissed as time barred, there is no need to address the issues raised by the parties with respect to defendant’s affirmative defenses.
ORDER
Based on the foregoing, plaintiffs motion for summary judgment is DENIED and defendant’s motion for summary judgment is ALLOWED.