PHYLLIS RYE *vs.* ATLAS HOTELS, INC. No. 89-P-462. February 12, 1991. *Jurisdiction*, Personal, Long-arm statute.

After slipping, falling and fracturing her wrist in the defendant's hotel in San Diego, California, the plaintiff brought suit in the Boston Municipal Court. There were three counts in the complaint: negligence, breach of contract, and fraud and deceit. The defendant's motion to dismiss for lack of personal jurisdiction was allowed as to all counts, and the Boston Municipal Court Appellate Division dismissed the report. We reverse, but only as to the count in fraud and deceit.

The burden of establishing the requisite jurisdictional facts was on the plaintiff. *Droukas* v. *Divers Training Academy, Inc.*, 375 Mass. 149, 151 (1978). The complaint, together with counsel's affidavit, set out the following facts which, for the purposes of this motion, we assume are true. *Ibid.*

The plaintiff, a member of the American Contract Bridge League, saw the defendant's advertisement of its room rates in a publication devoted to contract bridge. The advertisement was designed to attract the attention of persons who planned to attend a bridge tournament to be held at the defendant's hotel in San Diego in the fall of 1984. The plaintiff, while in Boston, saw the advertisement, called the hotel (which maintained a toll-free number), and reserved a room for seven days. She checked into the hotel as planned, and the following day, November 16, 1984, she was injured.

Upon her return to Boston, she engaged counsel who wrote to the defendant claiming compensation for the injury. There followed an exchange

of letters, including a submission of medical reports confirming the injury. Less than one month prior to the expiration of the California one-year statute of limitations for tort actions, the plaintiff's counsel was told in a telephone conversation with a representative of the defendant that the defendant "would, in good faith, settle the plaintiff's claim" after the submission of additional documentation. Relying on this representation, the plaintiff's counsel "was lulled into the belief that it was unnecessary to commence suit . . . ," unaware that "[a]t no time did the defendant, in good faith, intend to settle the plaintiff's claim." We do not inquire whether these facts sufficiently state a claim against the defendant sounding in deceit, see *McEvoy Travel Bureau, Inc.* v. *Norton Co.*, 408 Mass. 704, 709 (1990); given that the only ground for dismissal was lack of personal jurisdiction, we merely assume that for present purposes the complaint is adequate. See *Ealing Corp.* v. *Harrods Ltd.*, 790 F.2d 978, 982 (1st Cir. 1986). Consequently, this opinion is limited to the question of personal jurisdiction.

The Massachusetts long-arm statute, G. L. c. 223A, § 3, as inserted by St. 1968, c. 760, provides that a court may exercise personal jurisdiction over a person, as to causes of action arising from the person's, "(*a*) transacting any business in this commonwealth; . . . [or] (*c*) causing tortious injury by an act or omission in this commonwealth. . . ."

1. *The counts in negligence and contract.* To come within subparagraph (*a*) of § 3, the plaintiff must show that the defendant, for statutory and constitutional purposes, transacted business in the Commonwealth, and that the injury arose out of such transactions. It is clear to us that the defendant transacted no business in Massachusetts. All that the plaintiff alleges is that the defendant maintained a toll-free number, placed an advertisement in a magazine which was distributed in Massachusetts, and received a telephone call from Massachusetts making a room reservation for a hotel in San Diego. These facts present a configuration that closely resembles *Droukas* v. *Divers Training Academy, Inc.*, *supra*, where the court held that the evidence was insufficient to constitute the transaction of business in the Commonwealth for § 3(*a*) purposes. In *Droukas* there was an advertisement in a publication distributed in Massachusetts, the receipt of a telephone call in Florida from a Massachusetts resident, *and* the sending of correspondence to the plaintiff confirming the sale of equipment, *and* the shipment of engines "collect" to the plaintiff. On authority of *Droukas*, then, we hold that the defendant was not transacting business in Massachusetts.

Even if the defendant were held to be transacting business in Massachusetts, the result would be no different. *Marino* v. *Hyatt Corp.*, 793 F.2d 427 (1st Cir. 1986), held on very similar facts that the plaintiff's injury did not arise from the admitted transaction of business in Massachusetts by the defendant. There, as here, the plaintiff, while in Massachusetts, made a room reservation in a hotel in Hawaii and later was injured at the hotel.

The Court of Appeals said that "it would be a case of the tail wagging the dog to hold that plaintiffs' claims for personal injuries suffered in a Hawaii hotel 'aris[e] from' their alleged Massachusetts contract with Hyatt making a hotel reservation." *Id.* at 431, quoting from c. 223A, § 3. We agree.

2. *The count for fraud and deceit.* Again, previous decisions determine the outcome, this time in favor of the plaintiff. In *Burtner* v. *Burnham,* 13 Mass. App. Ct. 158, 163 (1982), we approved *Murphy* v. *Erwin-Wasey, Inc.,* 460 F.2d 661, 663-664 (1st Cir. 1972), and adopted the following holding from that case: "[W]here 'a defendant knowingly sends into a state a false statement, intending that it should there be relied upon to the injury of a resident of that state, he has, for jurisdictional purposes, acted within that state.' " Here, as in *Burtner,* the defendant's conduct is alleged to have been intentional, not merely negligent, and to have caused sufficient reliance of the plaintiff in Massachusetts to bring the defendant within the reach of c. 223A, § 3(*c*). *Ealing Corp.* v. *Harrods Ltd., supra,* is recent, additional authority. Contrast *Morrill* v. *Tong,* 390 Mass. 120, 133 (1983).

3. *Conclusion.* The order of the Appellate Division dismissing the report as to Count II is reversed, the judgment in that respect is vacated, and the case is to stand for further proceedings in the Boston Municipal Court. In all other respects the order of the Appellate Division is affirmed.

*So ordered.*

*Frank S. Ganak* for the plaintiff.
*Michael J. Stone* for the defendant.