White, J.
Plaintiff, EMC Corporation (“EMC”) brought this action against defendant, Keith A. Smith (“Smith”), for declaratory relief under M.G.L.c. 231A, seeking a declaration that Smith, an at-will employee of EMC Corporation, was lawfully terminated based on his unacceptable performance. Defendant now moves to dismiss this action pursuant to Mass.R.Civ.P. 12(b)(2) on the ground that this court lacks personal jurisdiction over defendant under the state long-arm statute, under 12(b)(6) for failing to state a claim upon which relief may be granted, and on the ground of forum non conveniens pursuant to M.G.L.c. 223A, §5. For the reasons to follow, Smith’s motion to dismiss is ALLOWED.
BACKGROUND
This court accepts as true the well-pleaded factual allegations of the complaint, as well as any inference which can be drawn therefrom in the plaintiffs favor. Eyal v. Helen Broadcasting Corp., 411 Mass. 426, 429 (1991), and cases cited.
EMC Corporation is a Massachusetts corporation duly organized and existing under the laws of Massachusetts, with corporate headquarters in Hopkinton. EMC is a manufacturer of data storage products for mainframe, midrange and open storage computer systems. EMC maintains a centralized form of corporate organization in Hopkinton, Massachusetts.
Defendant, Keith A. Smith, is a resident of California and a graduate of the University of California at Berkeley where he received both a Bachelor of Science *233 degree and an MBA. Since 1969, he has been employed continuously in the California computer indus-tiy. In December 1992, EMC’s Director of Human Resources located in Massachusetts, Dennis J. Zifcak (“Zifcak”) authorized and faxed to Smith a written offer of employment. In turn, Smith accepted the position as district sales manager for EMC in San Francisco by returning to Zifcak in Massachusetts a signed copy of the offer letter. Although Smith was in charge of overseeing sales representatives working in a geographic area which included the states of California, Washington, Oregon and Idaho, Smith as a resident of California was based in EMC’s San Francisco field sales office during his employment.
Approximately in March 1994, Robert Bodnar (“Bodnar”), EMC’s Area Manager for the San Francisco field sales office and Smith’s immediate supervisor, began giving Smith written and oral warnings regarding his poor performance. Bodnar’s written warnings were transferred into Smith’s Central Human Resources file in Hopkinton. On or about October 3,1994 Bodnar and Vice President for North America ESG Sales Harry Dixon (“Dixon”) decided to place Smith on a written performance improvement plan (“PIP”). This document was also filed with Central Human Resources in Hopkinton. On or about March 24, 1995, EMC’s Vice President for Human Resources, Brian O’Connell (“O’Connell”), informed Smith by letter sent from Hopkinton that his employment with EMC Corporation would terminate as of April 7, 1995.
Mr. Smith communicated with a lawyer in California, Mr. Lawrence J. King, and retained him for the purpose of advising him about any claims he might have against EMC for wrongful discharge. Mr. King wrote a letter to EMC dated April 25, 1995 informing EMC that Mr. Smith had various potential claims against EMC arising out of his discharge. According to King’s letter, Smith was terminated in retaliation for reporting the company’s failure to pay required taxes and for cooperating in the investigation of sex discrimination charges in the San Francisco regional office. EMC responded to King’s letter by bringing this action for declaratory relief against Smith in Massachusetts.
DISCUSSION
I. PERSONAL JURISDICTION OVER DEFENDANT KEITH A. SMITH
A plaintiff confronted with a motion to dismiss under Mass.R.Civ.P. 12(b)(2) bears the burden of “establishing the facts upon which the question of personal jurisdiction over the defendant is to be determined.” Droukas v. Divers Training Academy, Inc., 375 Mass. 149, 151 (1978); Merrill v. Tong, 390 Mass. 120, 129 (1983) (“[wjhether jurisdiction will be found is a determination sensitive to the particular facts of each case”). Two questions must be answered affirmatively in order for this court to exercise personal jurisdiction over the defendant: “(1) Is the assertion of jurisdiction authorized by the [Massachusetts long-arm] statute, and (2) if authorized, is the exercise of jurisdiction under State law consistent with basic due process requirements mandated by the United States Constitution?” Good Hope Industries, Inc. v. Ryder Scott Co., 378 Mass. 1, 5-6 (1979); Bond Leather Co. v. O.T. Shoe Mfg. Co., 764 F.2d 928, 931 (1st Cir. 1985).
A. MASSACHUSETTS LONG-ARM STATUTE
The Massachusetts long-arm statute provides in pertinent part that “[a] court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a cause of action in law or equity arising from the person’s (a) transacting any business in this Commonwealth . . .” G.L.c. 223A, §3(a). The long-arm statute asserts jurisdiction over the person to the limits allowed by the Constitution of the United States." Good Hope Indus., 378 Mass. at 6, citing “Automatic” Sprinklers Corp. of America v. Seneca Foods Corp., 361 Mass. 441, 443 (1972).
To come within subsection (a) of §3, EMC must show that Smith, for statutory and constitutional purposes, transacted business in Massachusetts, and that EMC’s injury arose out of such transaction. Rye v. Atlas Hotels, Inc., 30 Mass.App.Ct. 904, 905 (1991).
Here, defendant Smith’s purposeful action in actively seeking and accepting employment as a district sales manager in a satellite San Francisco office of EMC’s central sales division is sufficient to constitute “transacting business” within the meaning of G.L.c. 223A, §3(a). See Hahn v. Vermont Law School, 698 F.2d 48 (1st Cir. 1983) (law school’s purposeful actions in mailing to plaintiff in Massachusetts application information and an acceptance letter were sufficient, without more, to constitute transacting business under the broadly construed Massachusetts long-arm statute). Moreover, Smith travelled to Hopkinton, Massachusetts on several occasions to participate in sales and training meetings carried out by the Central Sales organization. The Central Payroll office, also in Hopkinton, issued payroll checks and commission payments to Smith which were accepted by him. In short, by seeking and accepting employment with EMC, placing orders on behalf of EMC, attending meetings at EMC’s headquarters in Massachusetts, and accepting payroll checks and commission payments, Smith purposefully maintained an ongoing business relationship with the Commonwealth and actively “participated in the Commonwealth’s economic life” within the meaning of §3(a).
B. CONSTITUTIONAL DUE PROCESS-MINIMUM CONTACTS
Having determined that the assertion of jurisdiction in this case is authorized by the Massachusetts long-arm statute, this court then must proceed to the question of whether the assertion of jurisdiction would comport with the requirements of due process. In this regard, the constitutional inquiry focuses on whether defendant Smith’s contacts with Massachusetts were *234 such that requiring defendant to defend a lawsuit here would not offend traditional notions of fair play and substantial justice. Bond Leather Co., 764 F.2d at 933; see also International Shoe Co. v. Washington, 326 U.S. 310, 319-20 (1945). Central to this question is whether the defendant “purposefully availed itself of the privilege of conducting activities in [Massachusetts], thus invoking the benefits and protection of its laws,” i.e., whether the defendant’s relationship with EMC Corporation concerning his employment duties and services were such that defendant should reasonably anticipate being haled into court here. American Intern. Rent-A-Car Corp. v. Cross, 709 F.Supp. 272, 277 (D.Mass 1989), citing World Wide Volkswagen Corp. v. Woodson, 494 U.S. 286, 297 (1980).
Here, defendant Smith accepted an offer of employment by signing and returning to EMC headquarters in Hopkinton a written offer letter. Moreover, Smith travelled to Massachusetts on several occasions in order to attend sales meetings and training sessions. Further, Smith accepted payment from Central Payroll in Massachusetts for sales he completed on behalf of EMC Corporation. Applying the standards articulated above, this court concludes that defendant Smith’s contacts with Massachusetts are sufficient to satisfy the requirements of due process.
II. The Doctrine of FORUM NON CONVENIENS requires the Dismissal of EMC’s complaint.
“Consideration of a motion [to dismiss] based on forum non conveniens involves a decision to decline jurisdiction which is constitutionally permissible when another State is better situated to deal with the matter.” Carlson Corp. v. University of Vermont, 380 Mass. 102, 109 n. 10 (1980). “Whether to dismiss an action under the doctrine of forum non conveniens involves the discretion of the motion judge, cannot be made by applying a universal formula, and depends greatly on the specific facts of the proceeding before the court.” W.R. Grace & Company v. Hartford Accident Indemnity Company, 407 Mass. 572, 577 (1990). Further, under Mass.G.L.c. 223A, §5, when the court determines that the “interests of substantial justice” require that the action “should be heard in another forum,” the trial court may dismiss the action upon “any conditions that may be just.” Massachusetts courts have generally refused jurisdiction where “complete justice cannot be done here, [that] the defendant will be subjected to great and unnecessary inconvenience and expense, and [that] the trial will be attended, if conducted here, with many if not insuperable difficulties which all would be avoided without special hardship to the plaintiff if proceedings are brought in the jurisdiction where the defendant is domiciled, where service can be had, where the cause of action arose and where justice can be done.” New Amsterdam Casualty Co. v. Estes, 353 Mass. 90, 94 (1967), citing Universal Adjustment Corp. v. Midland Bank, Ltd., 281 Mass. 303, 313 (1933).
Important considerations in the application of the doctrine of forum non conveniens, from the standpoint of litigants, are relative ease of access to sources of proof, availability of compulsory process for attendance of unwilling witnesses, cost of obtaining attendance of willing witnesses, possibility of view of the premises if that be appropriate, and all other practical problems that make trial of a case easy, expeditious and inexpensive. Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508 (1947).
According to Gulf Oil Corp., supra at 508, “the plaintiffs choice of forum should rarefy be disturbed”; thus, Smith has the burden of showing that EMC’s complaint should be dismissed on forum non conve-niens grounds. Here, the threshold issue is whether EMC’s decision to terminate Smith’s employment was based on a retaliatory motivation for trying to provide information about EMC’s San Francisco office’s “hostile work environment,” and about EMC’s supposed avoidance of California sales tax in some of its transactions, or whether it was based on his poor performance as a sales manager. The answers to such fact-based issues are obtainable largely from and, as a result, of greater concern, to residents of California than to residents of Middlesex County, Massachusetts. Therefore, it is more appropriate that the matter be heard and decided in that forum.
Even though the evidentiary documents showing Smith’s sales performance, as well as the EMC management personnel who were responsible for evaluating Smith’s performance and made the decision to terminate Smith’s employment, are all in Massachusetts, the sources of proof to defend against such claims are all in California. Thus, even if evidence could be produced in Massachusetts, it could only be had at great expense and inconvenience to Smith. Having these matters in mind, it becomes evident that useful evidence might likely remain undiscovered, because much of it is known to witnesses located in San Francisco. See W.R. Grace & Co. v. Hartford Accident & Indemnity Co. 407 Mass at 584-85 (1990); see also Empresas Lineas Maritimas Argentinas, S.A. v. Schichaum-Unterweser, A.G., 955 F.2d 368 (5th Cir. 1992) (dismissal proper when trial court cannot compel appearance of witnesses to be called for defendant; alternative forum available; location of fact witnesses weighed toward dismissal).
Bearing in mind all of these factors, the Court finds that California is the more appropriate forum for this litigation, despite EMC’s preference for litigation in Massachusetts. Thus, defendant’s motion to dismiss on forum non conveniens grounds is allowed.
ORDER
For the foregoing reasons, it is hereby ORDERED that the defendant Keith A. Smith’s motion to dismiss be and hereby is ALLOWED.