Elizabeth SHERIDAN, a/k/a "Betty" Sheridan, Plaintiff,

v.

ASCUTNEY MOUNTAIN RESORT SERVICES, INC., d/b/a Mt. Ascutney Ski Area, Defendant.

Civil A. No. 95–30270 MAP.

United States District Court, D. Massachusetts.

May 16, 1996.

---

ommendation of the Magistrate Judge issued on April 26, 1996 be adopted.

Therefore, venue in the above captioned case is hereby transferred to the District of Vermont.

It is so ordered.

## REPORT AND RECOMMENDATION WITH REGARD TO DEFENDANT'S MOTION TO DISMISS COMPLAINT OR TO CHANGE VENUE (Docket No. 05)

April 26, 1996

NEIMAN, United States Magistrate Judge.

Defendant Ascutney Mountain Resort Services, Inc., d/b/a Mt. Ascutney Ski Area, seeks to dismiss or, in the alternative, transfer the venue of Plaintiff Elizabeth Sheridan's complaint for personal injuries sustained while ice skating at Defendant's resort in Vermont. Defendant's motion has been referred to the Court for a report and recommendation pursuant to Rule 3 of the Rules for United States Magistrate Judges in the United States District Court for the District of Massachusetts. 28 U.S.C. § 636(b)(1)(B). For the reasons indicated below, the Court recommends that the motion, to the extent it seeks to transfer venue of the matter, be allowed.

## I. BACKGROUND

The complaint alleges that on or about January 1, 1994, Plaintiff sustained a personal injury while lawfully on the Defendant's premises when she slipped and fell while traversing a surface which was icy and lightly covered with snow. Plaintiff claims that the area, which was adjacent to an ice rink and designated for putting on skates, was unsafe because of its descending slope and the absence of a supporting handrail. Plaintiff also claims that Defendant failed to adequately maintain the area and to warn of the danger created by unsafe conditions.[1]

Gary A. Ensor, Ryan, Boudreau & Kirkpatrick, South Hadley, MA, for plaintiff.

John B. Connarton, Jr., and Maria E. Ciampa, Connarton, Wood & Callahan, Boston, MA, for defendant.

## ORDER

PONSOR, District Judge.

Before the Court is a Motion to Dismiss or to Change Venue filed by the defendant. No opposition to the Motion having been filed, it is hereby ordered that the Report and Rec-

1. Plaintiff initially filed her case in the Superior Court of Hampshire County. Defendant, a foreign corporation, removed it to this Court on the basis of diversity jurisdiction. Plaintiff's motion to remand the matter to the Massachusetts Superior Court was denied. See Docket No. 04.

In an affidavit in support of her opposition to Defendant's motion ("Plaintiff's Affidavit"), Plaintiff reveals that she resides in South Hadley, Massachusetts, and, together with her husband, has owned a vacation condominium at Defendant's ski resort in Vermont since approximately 1984. Plaintiff's Affidavit, at ¶¶ 1–2. Plaintiff and her husband are also members of the resort's property owners association and have attended various meetings of the association during which Defendant's representatives discussed plans to promote business in Massachusetts. Id., at ¶¶ 2–3. In addition, Plaintiff has seen Defendant's advertisements in the Boston Globe and the Springfield Union, both Massachusetts newspapers, on local television stations and in brochures available at the Eastern States Exposition in West Springfield, Massachusetts. Id., at ¶ 4. Plaintiff claims as well that Defendant advertises on a billboard visible from Interstate 91 in Northampton, Massachusetts. Id., at ¶ 5. Plaintiff also alleges that she has received direct mailing from Defendant at her Massachusetts residence and that she has "responded to said solicitations by mail" by making reservations—paid by credit card over the telephone—including the reservation for the stay during which she was injured. Id., at ¶¶ 6–7. Finally, Plaintiff indicates that she has received written confirmation of these reservations at her Massachusetts residence. Id., at ¶ 7.

Attached to Plaintiff's affidavit are a number of documents. Included with these documents are (1) an undated letter to Plaintiff and her husband as property owners at the resort, (2) a copy of an envelope postmarked February of 1995, which appears to accompany the undated letter, (3) information with regard to a season pass program for the 1993–1994 ski season, (4) a form in which Plaintiff and her husband make their condominium available to seasonal renters, (5) a notice of a zoning hearing sent to Plaintiff as a property owner at the resort, and (6) a solicitation letter from a broker inquiring about the possible sale of the condominium.

In support of its motion to dismiss, Defendant has provided the affidavit of Susan D. Plausteiner, president of Snowdance Ski Company, a general partner of Defendant ("Defendant's Affidavit"). Ms. Plausteiner avers that Defendant is incorporated under the laws of the state of Delaware, is not licensed to do business in Massachusetts, does not maintain an office in Massachusetts, does not employ any person whose office or place of business is within Massachusetts, and neither possesses nor maintains any mailing address or telephone listing in Massachusetts. Defendant's Affidavit, at ¶¶ 3–5. Ms. Plausteiner further avers that Defendant's place of business and the place where the Plaintiff's injury occurred are both located in Vermont, that Defendant does not contract to supply any services or goods in Massachusetts, and that Defendant has no interest in any real or personal property in Massachusetts. Id., at ¶¶ 6, 9–11. Ms. Plausteiner does admit that Defendant advertises in Massachusetts. Id., at 7.

## II. STANDARD OF REVIEW

When reviewing a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(2), a court must accept the facts alleged in the complaint as true and view any reasonable inferences in a light most favorable to the plaintiff. See *Noonan v. Winston Co.*, 902 F.Supp. 298, 302 (D.Mass.1995) (citing *Dartmouth Review v. Dartmouth College*, 889 F.2d 13, 16 (1st Cir.1989)). However, in order to establish a prima facie case of personal jurisdiction, it is not enough for the plaintiff to rely on the bare allegations of the complaint. *Id.* See *Chlebda v. H.E. Fortna & Bro., Inc.*, 609 F.2d 1022, 1024 (1st Cir. 1979). Rather, "[t]he prima facie showing of personal jurisdiction must be based on evidence of specific facts set forth in the record. The 'plaintiff must go beyond the pleadings and make affirmative proof.'" *Boit v. Gar-Tec Products, Inc.*, 967 F.2d 671, 675 (1st Cir.1992) (quoting *Chlebda*, 609 F.2d at 1024). See also *Noonan*, 902 F.Supp. at 302. At bottom, the evidence a plaintiff presents must establish that sufficient contacts exist between the defendant and the foreign state in order to survive a motion to dismiss on personal jurisdiction grounds. See *Boit*, 967 F.2d at 681–82; and *Mellon Bank (East) PSFS, Nat. Ass'n v. Farino*, 960 F.2d 1217, 1223 (3d Cir.1992).

## III. DISCUSSION

A court's exercise of personal jurisdiction over a non-resident defendant presents a two-fold inquiry: (1) whether the assertion of jurisdiction is authorized by statute, and, if authorized, (2) whether such assertion is consistent with basic due process requirements. *Sawtelle v. Farrell*, 70 F.3d 1381, 1387 (1st Cir.1995); *Foster–Miller, Inc. v. Babcock & Wilcox Canada*, 46 F.3d 138, 144 (1st Cir.1995). Each issue will be addressed in turn.

As to the first inquiry, the law of the forum state applies. *Sawtelle*, 70 F.3d at 1387 (citing cases). As such, the Court's determination of personal jurisdiction, as both parties agree, rests on the Massachusetts long-arm statute which provides, in relevant part, that "[a] court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a cause of action in law or equity arising from the person's ... transacting any business in this commonwealth ..." M.G.L. ch. 223A, § 3(a). [2]

Defendant asserts that, although it advertises in Massachusetts, it does not transact any business in this state as required by M.G.L. ch. 223A, § 3(a). It has long been held, Defendant argues, that advertising activities alone will not support a finding of transacting business for purposes of this Court's exercise of personal jurisdiction. See *Droukas v. Divers Training Academy, Inc.*, 375 Mass. 149, 376 N.E.2d 548, 551 (1978); *Rye v. Atlas Hotels, Inc.*, 30 Mass. App.Ct. 904, 566 N.E.2d 617, 619 (1991).

More to the point, Defendant asserts that even if the advertising and other actions of Defendant amount to the transaction of business in Massachusetts, the Plaintiff has failed to establish how her injury, which forms the basis of her cause of action, *arises from* Defendant's transaction of business. In

this regard, Defendant argues that other courts in this district, together with the First Circuit itself, have on numerous occasions found jurisdiction lacking in instances comparable to those facts presented here, either because the business activities of the defendant were inadequate or because the alleged injuries could not be said to "arise from" those activities. See *Canning v. Gunstock Area Com'n*, 695 F.Supp. 602 (D.Mass.1988) (plaintiff failed to establish nexus between defendant's alleged activities in Massachusetts and the personal injury plaintiff suffered at defendant's New Hampshire ski lodge); *Gray v. O'Brien*, 777 F.2d 864 (1st Cir.1985) (plaintiff failed to establish how the defendant's advertising in Massachusetts was related to his ski injury on defendant's New Hampshire property); *Morse v. Walt Disney World Co.*, 675 F.Supp. 42 (D.Mass.1987) (while defendant corporation transacted business in Massachusetts, negligent cause of action did not arise out of defendant's Massachusetts activities when the plaintiff was injured at defendant's Florida location.) Finally, and most particularly, Defendant asserts that this case comes within the purview of *Marino v. Hyatt Corp.*, 793 F.2d 427 (1st Cir.1986).

In *Marino*, the First Circuit held that a guest's action against a hotel owner for injuries received in a slip and fall in her hotel room in Hawaii did not "arise from" her reservation of the room in Massachusetts within the meaning of the Massachusetts long-arm statute. In essence, the First Circuit found that the hotel reservation was not the "proximate cause" of the plaintiff's injury. "To accept plaintiff's contrary argument," the First Circuit stated, "would be to render the 'arising from' requirement of the Massachusetts long arm statute a virtual nullity." *Id.* at 430. Later, in *Fournier v. Best Western Treasure Island Resort*, 962 F.2d

2. Plaintiff's complaint also cites section 3(d) of Massachusetts' long-arm statute which creates personal jurisdiction over a cause of action arising from a defendant's "causing tortious injury in this commonwealth by an act or omission outside this commonwealth, if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in this commonwealth." M.G.L. ch. 223A, § 3(d). Given the fact that Plaintiff concedes that the alleged injury occurred in Vermont, it is evident that section 3(d) does not apply. Moreover, other than citing section 3(d) in her complaint, Plaintiff supports her argument regarding jurisdiction with reference to section 3(a) only.

126 (1st Cir.1992), the First Circuit declined to rethink *Marino,* despite the contrary authority in other circuits, and adopted a "but for" rather than a "proximate cause" analysis. *Fournier,* 962 F.2d at 128 (citing *Lanier v. American Bd. of Endodontics,* 843 F.2d 901 (6th Cir.), *cert. denied,* 488 U.S. 926, 109 S.Ct. 310, 102 L.Ed.2d 329 (1988); *Prejean v. Sonatrach, Inc.,* 652 F.2d 1260 (5th Cir.1981); *Stevenson v. Four Winds Travel, Inc.,* 462 F.2d 899 (5th Cir.1972)). In fact, the First Circuit continued to find *Marino's* reasoning persuasive and its result sound, if not bolstered by subsequent decisions. *Id.* (citing *Pizarro v. Hoteles Concorde Intern., C.A.,* 907 F.2d 1256 (1st Cir.1990) (construing Puerto Rico long-arm statute); *Rye,* 566 N.E.2d at 617 (construing Mass.Gen.Laws, ch. 223A, § 3(a)); *United Elec., Radio & Mach. Workers of America v. 163 Pleasant St. Corp.,* 960 F.2d 1080, 1089 (1st Cir.1992) (formulating tripartite test for ascertainment of specific personal jurisdiction)).

As District Court Judge William G. Young recently commented, however, the landscape of *Marino* and its progeny "was blurred, if not erased" by the Massachusetts Supreme Judicial Court ("SJC")'s decision in *Tatro v. Manor Care, Inc.,* 416 Mass. 763, 625 N.E.2d 549 (1994). *Nowak v. Tak How Inv. Ltd.,* 899 F.Supp. 25, 29 (D.Mass.1995). In *Tatro,* a Massachusetts plaintiff slipped and fell in a hotel bathtub in Anaheim, California. After finding that the hotel transacted business in Massachusetts, based on a broad range of activities and solicitations within the state, the SJC specifically rejected the strict interpretation established in *Marino* in favor of the liberal "but for" approach in *Prejean, Lanier,* and *Shute v. Carnival Cruise Lines,* 863 F.2d 1437 (9th Cir.1988) (subsequent history omitted)—the very cases which the First Circuit declined to follow in *Fournier.* *Tatro,* 625 N.E.2d at 553. As a result, the SJC found that jurisdiction was proper under the Massachusetts long-arm statute because reserving a room in an out-of-state hotel "is considered the first step in a train of events that results in the personal injury." *Id.*

The SJC found that the more liberal approach it adopted in *Tatro* "is more consistent with the language of our statute and with decisions of this court interpreting it" and that "there is no readily apparent basis in the statutory language ('arising from') for the restrictive proximate cause approach adopted by the First Circuit." *Id.* The SJC concluded that *"[b]ut for* the defendant's solicitation of business in Massachusetts, and its agreement to provide the plaintiff with hotel accommodations in Anaheim, California, the plaintiff would not have been injured in a room of the hotel." *Id.* at 554 (emphasis added). As Judge Young aptly noted, given the SJC's primacy in the interpretation of the statutes of Massachusetts, *Tatro* "has apparently consigned the 'arising out of' analysis of *Marino* and its progeny to the dustbin of First Circuit jurisprudence." *Nowak,* 899 F.Supp. at 31.

In this light, it is little wonder that the Plaintiff in the present matter relies on *Tatro* and attempts to bring her situation within its confines. Specifically, Plaintiff cites those parts of *Tatro* which construed the non-resident defendant's activities—all of which were part of a larger systematic effort on defendant's part to obtain business from Massachusetts businesses and residents—sufficient to exercise personal jurisdiction in Massachusetts: the defendant's acceptance of the plaintiff's room reservation, as forming part of an overall purposeful solicitation of hotel business from Massachusetts residents; the defendant's contact with the plaintiff by actively soliciting reservations, providing literature and registration materials, knowing those materials would be mailed to Massachusetts residents; and the defendant's entering into a telephone contract with the plaintiff, a Massachusetts resident, while she was in Massachusetts. See *Tatro,* 625 N.E.2d at 551–552.

Similarly, Plaintiff argues in her memorandum of law that Defendant in the present matter advertised its business in Massachusetts via print and electronic media, solicited business from Plaintiff and others by publicly promoting its business at ski fairs throughout Massachusetts, mailed letters and other literature to Plaintiff's Massachusetts residence, contracted with the Plaintiff within this state to provide services or goods, including overnight accommodations, and con-

firmed those contracts either orally or in writing to her or to her husband while they were in Massachusetts.

Plaintiff's factual assertions in her memorandum of law, however, cast a wider net than the proof set forth in her affidavit. Thus, her affidavit contains little, if any, information which demonstrates that, but for Defendant's solicitation of business in Massachusetts, Plaintiff's injuries would not have occurred in Vermont. Rather, Plaintiff's affidavit simply concerns advertising with which Plaintiff was generally familiar. Indeed, her familiarity appears due, not to specific solicitations, but to the fact that Plaintiff owned a condominium at the resort since 1984 and was a member of the property owners association there. The documents provided as part of Plaintiff's affidavit simply do not support her contention that she was at the Vermont resort at the time of her injury because of predicate Massachusetts activity.[3]

While *Tatro* certainly extended the jurisdictional reach of the Massachusetts long-arm statute beyond what the federal courts had previously allowed, it is not limitless in its application. Here, unlike *Tatro,* where the defendant not only accepted plaintiff's room reservation, but accepted it as part of a purposeful solicitation, Plaintiff has provided no competent evidence that she would not have been present at the resort on the day of her injury but for Defendant's solicitation of business in Massachusetts. Rather, it is clear from Plaintiff's own affidavit and its supporting documents that her presence in Vermont would not have occurred but for her ten-year ownership of a condominium at the very resort where she was injured. That Plaintiff may have received a solicitation in Massachusetts over ten years ago which resulted in her having purchased the condominium in the first place, a proposition not asserted by Plaintiff, would, in turn, obviously go beyond any fair reading of *Tatro.* In short, the Court finds that Plaintiff's assertion of personal jurisdiction over this Defendant in these circumstances is not authorized by the Massachusetts long-arm statute.

As to the second inquiry, even were the Court to presume that jurisdiction otherwise existed under the Massachusetts long-arm statute, it cannot find that the assertion of jurisdiction over Defendant would comport with the restraints imposed by the due process clause of the United States Constitution. In this regard, the assertion of jurisdiction over a defendant must not offend "traditional notions of fair play and substantial justice." *International Shoe Co. v. State of Wash.,* 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945) (citing *Milliken v. Meyer,* 311 U.S. 457, 463, 61 S.Ct. 339, 342–43, 85 L.Ed. 278 (1940); *Asahi Metal Indus. Co., Ltd. v. Superior Court of California, Solano County,* 480 U.S. 102, 113, 107 S.Ct. 1026, 1033, 94 L.Ed.2d 92 (1987). As the First Circuit has explained,

> [T]he Due Process Clause bars a court from asserting jurisdiction over the person of the defendant if doing so would be fundamentally unfair. In this context, gauging fairness requires an assessment of reasonableness for, in certain circumstances, unreasonableness can trump a minimally sufficient showing of relatedness and purposefulness.... [T]he reasonableness prong of the due process inquiry evokes a sliding scale: the weaker the plaintiff's showing on the first two prongs (relatedness and purposeful availment), the less a defendant need show in terms of unreasonableness to defeat jurisdiction. The reverse is equally true: an especially strong showing of reasonableness may serve to fortify a borderline showing of relatedness and purposefulness.

*Ticketmaster–New York, Inc. v. Alioto,* 26 F.3d 201, 210 (1st Cir.1994). In analyzing the due process implications of personal jurisdiction, therefore, this Court must weigh five factors: (1) the burden on the defendant in appearing; (2) the interest of the forum state in adjudicating the dispute; (3) the interest of the plaintiff in obtaining convenient and effective relief; (4) the interest of

---

**3.** For example, although Plaintiff asserts that she made reservations over the telephone and paid by credit card in response to a direct mail solicitation from Defendant, including the reservation for the stay during which she was injured, the documents to which she refers contain absolutely no evidence to that effect.

the judicial system in obtaining the most effective resolution of the controversy; and (5) the interests common to all sovereigns in promoting substantive social policies. *Foster–Miller, Inc.*, 46 F.3d 138 at 150.

In this case, at least four of these five factors weigh against the Court's exercise of jurisdiction. First, while the burden on Defendant in appearing in this neighboring foreign jurisdiction may not be great, Massachusetts' interest in adjudicating this dispute appears non-existent, if not minimal. Unlike situations in which the solicitation of business is directed at Massachusetts citizens in particular instances, the present case presents a situation in which the Plaintiff was fully familiar with the resort and had in fact availed herself of its services by buying a condominium there over ten years prior to the accident in question.

Second, Plaintiff's interest in obtaining a convenient and effective forum is not particularly burdened by her having to go to a neighboring state where she in fact owns property. Third, the most effective resolution of the controversy would appear to be in Vermont where the accident took place and where most of the witnesses, other than Plaintiff herself, reside. Fourth, the common interest of both sovereigns, Vermont and Massachusetts, in promoting substantive policies would be equally served by either forum. In the aggregate, therefore, the policies promoted by the five factors would be best advanced by this Court's declination of jurisdiction. In essence, the assertion of personal jurisdiction in this instance would be fundamentally unfair and inconsistent with basic due process requirements.[4]

## CONCLUSION

For the reasons stated, the Court recommends that Defendant's motion, to the extent it asks for a transfer of the matter to the District of Vermont, be ALLOWED. In this regard, Plaintiff indicated at hearing that, were the Court inclined to allow Defendant's motion, she preferred that the matter be transferred rather than dismissed.[5]

---

4. The Court notes that Plaintiff's action might in fact be barred on statute of limitation grounds should jurisdiction remain in Massachusetts. A federal court, sitting by virtue of diversity jurisdiction, must apply the conflict rules of the forum state. See *Erie R. Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938); *Klaxon Co. v. Stentor Electric Mfg. Co.*, 313 U.S. 487, 496, 61 S.Ct. 1020, 1021–22, 85 L.Ed. 1477 (1941); *Roy v. Star Chopper Co.*, 584 F.2d 1124, 1128 (1st Cir.1978), *cert. denied*, 440 U.S. 916, 99 S.Ct. 1234, 59 L.Ed.2d 466 (1979). Accordingly, this Court would have to look to Massachusetts conflict rules to determine the governing statute of limitations. See *Reisch v. McGuigan*, 745 F.Supp. 56, 58 (D.Mass.1990); *Gonzalez v. Temple Mountain Ski Resort, Inc.*, 613 F.Supp. 354, 355 (D.Mass.1985); *Tidgewell v. Loon Mountain Recreation Corp.*, 820 F.Supp. 630 (D.Mass. 1993). In Massachusetts, statutes of limitations are considered matters of procedure governed by the law of the forum state. See *Hemric v. Reed & Prince Mfg. Co.*, 739 F.2d 1, 2 (1st Cir.1984); *Alves v. Siegel's Broadway Auto Parts, Inc.*, 710 F.Supp. 864, 867 (D.Mass.1989); *Wilcox v. Riverside Park Enterprises, Inc.*, 21 Mass.App.Ct. 419, 487 N.E.2d 860 (1986), *reversed on other grounds*, 399 Mass. 533, 505 N.E.2d 526 (1989). As a result, Massachusetts law applies in determining whether a plaintiff's claim is barred by a statute of limitations. See *Hemric*, 739 F.2d at 2; *Wilson v. Hammer Holdings, Inc.*, 671 F.Supp. 94, 96 (D.Mass.1987), *aff'd*, 850 F.2d 3 (1st Cir. 1988).

Massachusetts General Laws Chapter 143, Section 71P establishes a one year statute of limitations for actions against ski area operators. In contrast, as Plaintiff noted at oral argument, Vermont's comparable one year statute of limitations might not apply to skating accidents at ski areas. As Plaintiff filed this action more than one year from the date of her injury, she is likely to be served better by having this case transferred to the District of Vermont.

5. The parties are advised that under the provisions of Rule 3(b) of the Rules for United States Magistrates in the United States District Court for the District of Massachusetts, any party who objects to these findings and recommendations must file a written objection with the Clerk of this Court within ten (10) days of the party's receipt of this Report and Recommendation. The written objection must specifically identify the portion of the proposed findings or recommendations to which objection is made and the basis for such objection. The parties are further advised that failure to comply with this rule shall preclude further appellate review by the Court of Appeals of the District Court order entered pur-

suant to this Report and Recommendation. See *Keating v. Secretary of Health & Human Services,* 848 F.2d 271, 275 (1st Cir.1988); *United States v. Valencia–Copete,* 792 F.2d 4, 6 (1st Cir.1986); *Park Motor Mart v. Ford Motor Co.,* 616 F.2d 603, 604 (1st Cir.1980); *United States v. Vega,* 678 F.2d 376, 378–79 (1st Cir.1982); and *Scott v. Schweiker,* 702 F.2d 13, 14 (1st Cir.1983). See also *Thomas v. Arn,* 474 U.S. 140, 154–55, 106 S.Ct. 466, 474–75, 88 L.Ed.2d 435 (1985), *reh'g denied,* 474 U.S. 1111, 106 S.Ct. 899, 88 L.Ed.2d 933 (1986). A party may respond to another party's objections within ten (10) days after being served with a copy thereof.