**Robert CLARK and Julie Clark, Plaintiffs,**

v.

**CITY OF ST. AUGUSTINE, FLORIDA, Defendant.**

**Civil Action No. 96–40209–NMG.**

United States District Court, D. Massachusetts.

Oct. 17, 1997.

John W. Spillane, Worcester, MA, for Plaintiffs.

Melanie S. Macklow, Morrison, Mahoney & Miller, Worcester, MA, for Defendant.

## MEMORANDUM AND ORDER

GORTON, District Judge.

On October 23, 1996, plaintiffs, Robert and Julie Clark, brought this diversity action against the City of St. Augustine, Florida ("St.Augustine") for certain injuries suffered by Robert when he tripped and fell on a municipal sidewalk while sightseeing in that city. The plaintiffs allege, among other things, that the sidewalk was negligently maintained. Pending before this Court is St. Augustine's motion to dismiss for lack of personal jurisdiction.

### I. *Analysis*

When a defendant contests a court's jurisdiction, the plaintiff bears the burden of proving that jurisdiction lies in the forum state. *Sawtelle v. Farrell*, 70 F.3d 1381, 1387 (1st Cir.1995). Because the jurisdictional challenge serves as a motion to dismiss, however, this Court must construe the facts in the light most hospitable to the plaintiffs. *Ticketmaster–New York, Inc. v. Alioto*, 26 F.3d 201, 203 (1st Cir.1994).

■ To determine whether a nonresident defendant is subject to its jurisdiction, a federal court exercising diversity jurisdiction "is the functional equivalent of a state court sitting in the forum state." *Ticketmaster–New York,* 26 F.3d at 204. The court must, therefore, consider whether there are sufficient contacts between the defendant and the forum to satisfy both the state's long-arm statute and the Fourteenth Amendment's Due Process clause. *See id.* We explore these requirements *seriatim.*

## A. The Massachusetts Long–Arm Statute

It is well established in diversity cases that "the district court's personal jurisdiction over a nonresident defendant is governed by the forum's long-arm statute." *Goldman, Antonetti, Ferraiuoli, Axtmayer & Hertell v. Medfit Int'l, Inc.,* 982 F.2d 686, 690 (1st Cir.1993) (quoting *Pizarro v. Hoteles Concorde Int'l, C.A.,* 907 F.2d 1256, 1258 (1st Cir.1990)). To satisfy the pertinent requirements of the Massachusetts long-arm statute, M.G.L. c. 223A, the defendant must have transacted business in Massachusetts and the plaintiff's claim must have arisen from that transaction. *Id.,* § 3(a); *Tatro v. Manor Care, Inc.,* 416 Mass. 763, 767, 625 N.E.2d 549 (1994).

In *Tatro,* the Massachusetts Supreme Judicial Court ("SJC") concluded that a California hotel's solicitation of business from Massachusetts residents satisfied the "transacting any business" requirement of § 3(a), and that the "arising from" requirement was satisfied where, but for the hotel's solicitations, the plaintiff would not have been injured in California. *Id.* at 771–72, 625 N.E.2d 549. The SJC applied that two part test despite noting that

the Massachusetts long-arm statute functions as an assertion of jurisdiction over the person to the limits allowed by the Constitution of the United States.

*Id.* at 771, 625 N.E.2d 549 (internal quotations omitted).

■ St. Augustine advertised extensively in the Boston Globe and distributed pamphlets and brochures to Massachusetts travel agencies. Such purposeful and successful solicitation of business from Massachusetts residents suffices to satisfy the "transacting any business" requirement.

Although an isolated (and minor) transaction with a Massachusetts resident may be insufficient, generally the purposeful and successful solicitation of business from residents of the Commonwealth, by a defendant or its agent, will suffice to satisfy this requirement.

*Tatro,* 416 Mass. at 767, 625 N.E.2d 549.

■ The "arising from" requirement involves a "but for" analysis. The Clarks contend that but for St. Augustine's solicitation of business in Massachusetts, Mr. Clark would not have been injured on a sidewalk in that City. After seeing advertisements for St. Augustine in the Boston Globe, the Clarks went to Young's Travel Agency in Auburn, Massachusetts where they obtained brochures describing the City. Robert Clark was attracted to a pamphlet concerning the Tragedy in U.S. History Museum, located in St. Augustine and they traveled there, at least in part, to see that museum. After having done so, Mr. Clark was injured. Despite the tenuous causal link, the "arising from" requirement is satisfied.

## B. The Due Process Clause

■ This Court uses a tripartite analysis to determine if sufficient contacts exist to exercise specific personal jurisdiction. First, the claim underlying the litigation must directly arise out of, or relate to, the defendant's forum-state activities. Second, the defendant's in-state contacts must represent a purposeful availment of the privilege of conducting activities in the forum state, thereby invoking the benefits and protections of that state's laws and making the defendant's involuntary presence before the state's courts foreseeable. Third, the exercise of jurisdiction must, in light of the Gestalt factors, be reasonable. *Sawtelle,* 70 F.3d at 1388–89; *United Elec. Workers v. 163 Pleasant Street Corp.,* 960 F.2d 1080, 1089 (1st Cir.1992).

### 1. Relatedness

■ The first consideration under the tripartite framework is whether the Clarks'

claims arise out of, or are related to, St. Augustine's in-forum activities. *See Sawtelle,* 70 F.3d at 1389. The relatedness inquiry involves a proximate cause standard. *Nowak v. Tak How Investments, Ltd.,* 94 F.3d 708, 715 (1st Cir.1996). Although St. Augustine's solicitation of tourism within Massachusetts satisfies the "but for" causation standard required by the long-arm statute, it does not satisfy the due process proximate cause standard because, while in Massachusetts, the Clarks had no contact or contract with the City. *See, e.g., Nowak,* 94 F.3d at 715 (relatedness satisfied by solicitation and extensive back-and-forth between plaintiff and defendant); *Tatro,* 416 Mass. at 771–72, 625 N.E.2d 549 (relatedness satisfied by persistent solicitation of the plaintiff and a specific contract between plaintiff and defendant).

### 2. Purposeful Availment

This Court next considers whether St. Augustine's contacts with Massachusetts represent a purposeful availment by St. Augustine of the privilege of conducting business in that State. The cornerstones upon which the concept of purposeful availment rest are voluntariness and foreseeability. *Sawtelle,* 70 F.3d at 1391.

St. Augustine's solicitations were minimally sufficient to satisfy this requirement. The City advertised in the Boston Globe and distributed pamphlets and brochures to Massachusetts travel agencies. Those contacts' are not "random, isolated, or fortuitous." *See Keeton v. Hustler Magazine, Inc.,* 465 U.S. 770, 774, 104 S.Ct. 1473, 1478, 79 L.Ed.2d 790 (1984). Furthermore, St. Augustine's solicitations, designed to bring Massachusetts residents into that Florida City, rendered somewhat foreseeable the possibility of it being haled into a Massachusetts court. *See Nowak,* 94 F.3d at 717.

### 3. The Gestalt Factors

■ Even where minimum contacts exist, courts must consider "other factors which bear upon the fairness of subjecting [nonresidents] to the authority of a foreign tribunal." *163 Pleasant St.,* 960 F.2d at 1088. The Supreme Court has identified five such factors: 1) the defendant's burden of appearing in the forum state, 2) the forum state's interest in adjudicating the dispute, 3) the plaintiff's interest in obtaining convenient and effective relief, 4) the judicial system's interest in obtaining the most effective resolution of the controversy, and 5) the common interests of all sovereigns in promoting substantive social policies. *See Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 477, 105 S.Ct. 2174, 2184–85, 85 L.Ed.2d 528 (1985).

■ The reasonableness test of the jurisdictional analysis evokes a sliding scale:

[T]he weaker the plaintiff's showing on the first two prongs (relatedness and purposeful availment), the less a defendant need show in terms of unreasonableness to defeat jurisdiction. The reverse is equally true: an especially strong showing of reasonableness may serve to fortify a borderline showing of relatedness and purposefulness.

*Ticketmaster–New York,* 26 F.3d at 210. This Court proceeds to consider the gestalt factors, bearing in mind the plaintiff's failure to show relatedness in this case.

#### a. The Defendant's Burden of Appearance

■ Litigating in Massachusetts would burden St. Augustine, but then defending any litigation in a foreign jurisdiction almost always presents some measure of inconvenience. This factor requires a showing of a special or unusual burden. *Sawtelle,* 70 F.3d at 1395.

#### b. The Forum State's Adjudicatory Interest

Although it is true that a forum state has an interest in obtaining jurisdiction over a defendant who causes tortious injury within its borders, Massachusetts has a far less compelling interest in the prosecution of a suit stemming from an injury that occurred outside its borders. *See Donatelli v. National Hockey League,* 893 F.2d 459, 472 (1st Cir.1990). This factor thus cuts against jurisdiction.

c. The Plaintiff's Interest in Obtaining Convenient Relief

A plaintiff's choice of forum must be accorded deference with respect to the issue of its own convenience. *Sawtelle*, 70 F.3d at 1395. Here, unquestionably, it would be more convenient for the Clarks to litigate their tort claim in their home state rather than elsewhere.

d. The Administration of Justice

The most effective resolution of the controversy appears to be in Florida, the law of which will apply, where the accident took place and where any witnesses, other than the plaintiffs, reside. *See Sheridan v. Ascutney Mountain Resort Services, Inc.*, 925 F.Supp. 872, 879 (D.Mass.1996).

e. Pertinent Policy Arguments

This final gestalt factor addresses the interest of all sovereigns in promoting substantive social policies. Massachusetts has an interest in providing its citizens a convenient forum in which to bring their claims. On the other hand, Florida has an interest in protecting visitors to promote and preserve its tourism industry and in providing all parties with a convenient forum. These considerations balance out.

The Clarks have failed to satisfy the relatedness prong of the due process inquiry and demonstrated little more than the bare minimum with respect to the purposeful availment prong. Those showings are not sufficiently strengthened by the gestalt factors. Although the exercise of jurisdiction may be proper when a borderline showing of relatedness and purposeful availment is supported by an especially strong showing of reasonableness, *see Ticketmaster–New York*, 26 F.3d at 210, the gestalt analysis in the instant case fails to provide such fortification.

**ORDER**

For the foregoing reasons, the defendant's motion to dismiss for lack of personal jurisdiction is **ALLOWED**.

So ordered.