Wheatley, EJ.
This expedited appeal under Dist/Mun. Cts. RAD.A., Rule 8A, brings into focus the Massachusetts “long arm statute” G.L.c. 223A, §3, as inserted by St 1968, c. 760.[1] The trial judge allowed Petroske’s motion to dismiss under Mass. R. Civ. R, Rule 12(b) (2), 365 Mass. 754 (1974), which challenged Carlson’s right to sue him in Massachusetts. We reverse.
The plaintiff (“Carlson”) is a resident of Massachusetts; the defendant (“Petroske”) is a resident of New York. In New York, at his only office, Petroske is in the business of restoring and selling automobile parts, project cars in need of restoration and, occasionally, restored automobiles. He neither has an office in Massachusetts nor has he a license to do business here. His customers are primarily from New York, but periodically come from throughout the United States and he regularly places advertisements for his business in the Hemming Motor News, a publication that is directed to the exotic car market in New York and New England.
In April or May, 2000, Petroske advertised for sale in this publication, automobile “kits” with which a purchaser could construct a 1963 D type Jaguar automobile. Carlson, an exotic car enthusiast, saw the advertisement, contacted Petroske and inquired about the kits, indicating that he was interested in a completed automobile kit with an original 1963 D type Jaguar engine. Petroske instead offered Carlson a completed 1963 D type Jaguar, recently rebuilt, with an original engine, which he had for his own personal use. Carlson went to New York, saw the car, and, while there, signed, on May 23, 2000, a contract with Petroske to purchase *170 the car for $34,000. The contract provided that the car was to be delivered to, and inspected in, Massachusetts, and, that, if the car were not found to be free of any defects requiring more than $1,500 to repair, the deal was off. On June 5, 2000, Petroske delivered the car to Carlson’s mechanic in Massachusetts, who inspected and approved the condition of the car’s body, frame and suspension, and as much of the original 1963 engine as could be externally tested. For all the internal engine components, Carlson’s mechanic relied upon Petroske’s representations that the engine had recently been completely rebuilt The sale was then consummated.
In fact, the engine had not been rebuilt and required $8,500 of repairs to the internal components. Moreover, Carlson had not received certain accessories promised by Petroske. The missing accessories were supplied by mail However, Carlson’s demand for reimbursement for the cost to repair the engine was rejected by Petroske, and Carlson sued for breach of warranty, negligent misrepresentation and a violation of G.L.c. 93A Upon application by the defendant, the trial court dismissed the case for lack of personal jurisdiction.
The plaintiff has the burden of establishing facts to show that the ground relied on under G.Lc. 223A, §3 is present Tatro v. Manor Care, Inc., 416 Mass. 763, 767 (1994), citing Droukas v. Divers Training Academy, Inc., 375 Mass. 149, 151 (1978). Then, “[i]f the literal requirements of the statute are satisfied, it also must be established that ‘the exercise of jurisdiction under the State law [is] consistent with basic due process requirements mandated by the United States Constitution.”’ Id. at 767. Good Hope Industries, Inc. v. Ryder Scott Co., 378 Mass. 1, 5-6 (1979); Carlson Corp. v. University of Vt., 380 Mass. 102, 105 (1980).
The Court, in expanding on this, has held that personal jurisdiction over a nonresident defendant requires “certain minimum contacts with [the State] such that the maintenance of the suit does not offend ‘traditional notions of fair play and substantial justice.’” International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945) (quoting in part from Milliken v. Meyer, 311 U.S. 457, 463 (1940)); Cunningham v. Ardrox, Inc., 40 Mass. App. Ct. 279, 281 (1996).
1. Grounds under G.L.C. 223A.
The plaintiff relies, in part on §3 (a). The question what activities constitute the transaction of business in this or any other case must be decided on the particular facts involved. Droukas, supra, at 156-157. The transacting any business clause in §3 has been construed broadly. Although an isolated (and minor) transaction with a Massachusetts resident may be insufficient, generally the purposeful and successful solicitation of business from the residents of the Commonwealth, by a defendant or its agent, will suffice to satisfy this requirement Tatro, supra, at 767. The defendant here advertised in Massachusetts, and, although he got a signed purchase contract in New York, he came to Massachusetts to consummate the performance, namely to deliver the car, oversee the examination by the mechanic (without whose approval there would have been no sale), and to obtain the contract price. We hold that he was transacting business in Massachusetts.
More importantly, however, even if he was not transacting business per §3(a), he caused tortious injury by an act or omission in Massachusetts per §3(c). Petroske told Carlson that the car engine had recently been completely rebuilt, when in fact it had not Petroske brought the car to Massachusetts and Carlson’s mechanic, relying on this assertion, approved the car for sale. Carlson, also relying on the assertion, paid the purchase price to Petroske in Massachusetts based on the mechanic’s approval. As a direct result, Carlson sustained a loss of $8,500.
Our holding is in line with the Appeals Courts decision in Burtner v. Burnham, 13 Mass. App. Ct. 158 (1982), that “where a defendant knowingly sends into a state a false statement intending that it should there be relied on to the injury of a resident of that state, he has, for jurisdictional purposes acted within the state.” *171 Petroske, as opposed to “sending in” to the state a false assertion, actually came to Massachusetts and oversaw the inspection and approval, based on his false statement There is a basis for a finding of personal jurisdiction on all counts, therefor, in Massachusetts.[2]
2. Hie constitutional test.
In addition, the assertion of jurisdiction over the defendant must not offend “traditional notions of fair play and substantial justice.” Tatro, supra, at 773, and cases cited. In practical terms, this means that an assertion of jurisdiction must he tested for its reasonableness, taking into account such factors as the burden on the defendant of litigating in the plaintiffs chosen forum, the forum State’s interest in dictating the dispute and the plaintiffs interest in obtaining relief. Id.
It is not unreasonable to require a New York dealer that deliberately advertises with the idea of drawing income from residents from Massachusetts, a neighboring state, and is willing to deliver a car to Massachusetts and receive payment here, to defend actions in Massachusetts concerning that business. “... [MJodern transportation and communication have made it much less burdensome for a party sued to defend himself in a state where he engages in economic activity.” McGee v. International Life Insurance Co., 355 U.S. 220, 226 (1957). It does not offend our sense of fair play to require the defendant to answer to the Massachusetts court
Accordingly, the order of the trial court dismissing the case for lack of jurisdiction is reversed, and this case is to stand for further proceedings in the trial court
So ordered.

 The relevant portion of §3 is: “A court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a cause of action in law or equity arising from the person’s (a) transacting any business in this commonwealth;... (c) causing tortious injury by an act or omission in this commonwealth;...”

 Compare Rye v. Atlas Hotels, Inc., 30 Mass. App. Ct. 904 (1991), wherein a Massachusetts resident fell in a California hotel, where the Court found jurisdiction in connection with a tort claim, but not the contract or negligence claims, stating that the defendant although not transacting business in Massachusetts, did “send in” to the a state a false statement” We do not consider this case as precedent for our determination. In the first place, to make a similar “split” finding in the case at bar, that is to find jurisdiction on the fraud claim and deny it on the breach of warranty, negligent misrepresentation and 93A claims, in the event the defendant was not transacting business, would be impractical, expensive and cumbersome for both sides. Secondly, the Rye facts differ substantially from the facts in this case. The underlying claim in Rye was for breach of contract in connection with a slip and fall; the tort was a separate action for fraud by the attorneys for the defendant which occurred at a different time from the fall. The tort and contract claims in the instant case arise out the same fact situation. They should be tried together.